Wilder, J.
(concurring). I join in the majority’s opinion in parts n, ill, IV and v, but write separately with regard to part I because, while I agree with the result reached by the majority, I respectfully disagree with the analysis. Specifically, I disagree with the majority’s finding that the evidence established that plaintiffs’ and defendant’s experts,[1] and Dr. Robert Volpe,[2] each had concluded that there is a causal relationship between stress and Graves’ disease, and that *690 this opined causal relationship is “recognized scientific . . . knowledge” under a Davis-Frye[3] analysis.
The pertinent part of Dr. Volpe’s article on the relationship between stress and Graves’ disease reads as follows:
In the author’s experience, there have been so many patients with Graves’ disease who have had their disorder precipitated by specific acute stresses that it is difficult to escape the conclusion that in some patients there is a cause and effect relationship between such stresses and the subsequent development of hyperthyroidism, but only in already predisposed persons. Such events as bereavements, marital discord, a recent upper respiratory infection, or other infections, gastrointestinal disorders, motor vehicle accidents, or even dieting have been cited.
Nevertheless, the evidence for such a cause and effect relationship between stress and hyperthyroidism remains largely anecdotal and it has not yet been possible to design an impeccable study to prove this association. [Volpe, The Role of Stress in the Induction of Graves’ Disease, found in Autoimmune Diseases of the Endocrine System (1990), p 186 (emphasis added).]
Dr. Volpe’s article establishes quite clearly that his opinion that stress causes Graves’ disease in persons predisposed to the disease is based on anecdotal evidence and personal experience, but that his opinion is not objectively and independently validated by scientific or medical literature. Accordingly, I cannot join in the majority’s conclusion that Dr. Volpe’s text provides sufficient evidence of a causal relationship between stress and Graves’ disease to meet the requirements of Davis-Frye.
*691 Similarly, I disagree with the majority’s finding that Dr. Rosenblatt concluded there was a causal relationship between stress and Graves’ disease. Dr. Rosenblatt testified during the trial[4] that stress is a potential precipitating factor in the development of Graves’ disease because “there are many examples of individuals in whom prior to the diagnosis of Graves’ disease, there was some type of a stress.” Dr. Rosenblatt further testified “that Dr. Taylor is certainly correct if he limits his statement to say that there can be a relationship between stress and the development of Graves’. It would be unproven if he were to say that there is a factual relationship between the two.” (Emphasis added).
That there is no scientific proof of a cause and effect relationship between stress and Graves’ disease is clear by the manner in which causation is defined by scientists. The glossary of terms in the Reference Guide on Epidemiology, found in the Federal Judicial Center’s Reference Manual on Scientific Evidence (1994), p 172, defines causation as used in the field of epidemiology as denoting “an event, condition, characteristic, or agent that is a necessary element of a set of other events that produce an outcome, such as a disease. Thus, a cause may be thought of as a necessary link in some causal chain that results in an outcome of interest.” There is no testimony in this case that establishes stress as a necessary element in the occurrence of Graves’ disease. To the contrary, it appears from the evidence that having a genetic predisposition to Graves’ disease is a necessary element to the development of the disease in combination *692 with stress, since stress without predisposition does not necessarily lead to Graves’ disease.[5]
For all these reasons, I cannot agree with the majority that plaintiffs presented evidence of a causal link between stress and Graves’ disease.
On the other hand, there seems to be no question and no dispute that the evidence in this case establishes an association between stress and Graves’ disease. According to the glossary of terms in the epidemiology chapter in Faigman, et al, eds, 2 Modem Scientific Evidence: The Law and Science of Expert Testimony (1997), p 345, an association is a
[statistical dependence between two or more events, characteristics, or other variables. An association is present if the probability of occurrence of an event or characteristic, or the quantity of a variable, depends upon the occurrence of one or more events, the presence of one or more characteristics, or the quantity of one or more variables. ... An association may be fortuitous or may be produced by various other circumstances; the presence of an association does not necessarily imply a causal relationship.
As pointed out by Dr. Volpe, many clinicians hold the “impression” that emotional or physical stress can precipitate Graves’ disease and, according to Dr. Volpe, this assumption receives comment in every textbook of endocrinology. Dr. Taylor testified that aside from stress, he could determine no other likely precipitant to the disease from the history provided by Mr. Anton. Therefore, while the scientific evidence does not establish a causal link between Graves’ disease and stress, I would nevertheless find Dr. Taylor’s *693 testimony admissible as a permissible inference under MRE 702 that, given the undisputed association between stress and Graves’ disease,[6] the facts in this case supported the conclusion that Mr. Anton’s Graves’ disease was proximately caused by stress from the accident. The trial court properly permitted the jury to be aware of the underlying facts and data supporting the inference reached by Dr. Taylor, i.e., Dr. Volpe’s text and Dr. Taylor’s clinical experience, and the jury was free to give the views of Dr. Volpe and Dr. Taylor whatever weight the jury felt it deserved in light of all the evidence. MRE 703.

 Dr. Charles Taylor and Dr. Solomon Rosenblatt, respectively.

 Dr. Volpe, described by Dr. Taylor as “one of the world’s experts on thyroid immunology,” is editor of the compiled text Autoimmune Diseases of the Endocrine System and author of Chapter 4 of this text, Immunology of Human Thyroid Disease.

 People v Davis, 343 Mich 348; 72 NW2d 269 (1955); Frye v United States, 54 US App DC 46, 47; 293 F 1013 (1923).

 Dr. Rosenblatt’s de bene esse deposition was read to the juiy

 Interestingly, there was no testimony in the record establishing whether plaintiff was genetically predisposed to Graves’ disease.

 It is significant that while no causal link is established, an association between stress and Graves’ disease is undisputed. Where an association between occurrences is disputed, and where scientific studies are unable to validate the hypothesized linkage, inference testimony may be more prejudicial than probative, and therefore, inadmissible. MRE 403; MRE 702. See, e.g., Daubert v Merrell Dow Pharmaceuticals, Inc, 509 US 579, 595; 113 S Ct 2786; 125 L Ed 2d 469 (1993).